UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

MICHAEL M. MARTINEZ,

        Plaintiff,

    v.

DOUGLAS FLETCHER,

        Defendant.

Case No. 3:09-cv-00580 -ST

FINDINGS AND
RECOMMENDATION

STEWART, Magistrate Judge:

## **INTRODUCTION**

Plaintiff was an inmate in the custody of the Oregon Department of Corrections ("ODOC") and formerly housed at the Snake River Correctional Institution ("SRCI"). His First Amended Complaint alleges claims against defendant, Douglas Fletcher, under 42 USC § 1983 for violating his Eighth Amendment rights by using excessive force during an incident at SRCI.

Fletcher has filed a Motion for Judgment on the Pleadings under FRCP 12(c) (docket #110) because plaintiff's claims are untimely. For the reasons set forth below, that motion should be denied.

1 – FINDINGS AND RECOMMENDATION

**BACKGROUND**

On April 6, 2008, Fletcher shot and seriously injured plaintiff during a prison riot. On May 26, 2009, plaintiff, appearing *pro se*, signed his initial Complaint which named three defendants: Max Williams, then-Director of ODOC; Mark Nooth, the Superintendent of SRCI; and "Tower Shooter 'X' (Nunn or Dunn?)." He alleged that "Tower Shooter 'X'" shot him "from an observation tower not far away" and "while employed as prison guard, State of Oregon, April 06, 2008" Complaint, pp. 4, 6.

On July 6, 2009, Williams and Nooth, both represented by the Oregon Department of Justice, waived service (docket #14). However, the Oregon Department of Justice declined to waive service on behalf of "Tower Shooter X." *Id*.

At some point during discovery, plaintiff learned that Fletcher was the name of the guard who shot him. On June 6, 2010, plaintiff filed a Motion for Summary Judgment (docket #36) which referred to Fletcher's involvement with the incident giving rise to his claims (docket #38, pp. 2-4). However, he did not move for leave to file an amended complaint naming Fletcher as a defendant.

On July 12, 2010, Williams and Nooth filed a motion for summary judgment and responded to plaintiff's motion for summary judgment (docket ##44-45). In support, they included Fletcher's declaration dated July 8, 2010 (docket #49).

On November 9, 2010, this Court issued its Findings and Recommendation (docket #69) to grant summary judgment to Williams and Nooth because they had no personal participation in the incident. With regard to Fletcher, this Court initially noted that "[a]lthough it is undisputed that Fletcher is the tower guard who shot Martinez, Martinez has never amended his pleadings to name Fletcher as a defendant. However, for purposes of the pending motions, this court will

2 – FINDINGS AND RECOMMENDATION

assume that "Tower Shooter 'X'" is Fletcher." *Id*, p. 2. As to plaintiff's claims against Fletcher, this Court stated:

> This leaves only Fletcher as a defendant with regard to the First Claim. As previously noted, Martinez has never amended his pleadings to name Fletcher as a defendant. Pursuant to FRCP 4(m), a court must dismiss an action without prejudice if a defendant has not been served within 120 days after the complaint is filed, unless the plaintiff shows good cause for the failure. On July 6, 2009, Williams and Nooth waived service in this case, but defense counsel declined to waive service on behalf of "Tower Shooter 'X.'" Martinez has not satisfied the 120-day deadline in FRCP 4(m) by identifying, naming, and serving "Tower Shooter 'X'" and has offered no explanation for his failure to do so. The two-year statute of limitations on his First Claim expired in April 2010. However, even if Martinez amended the Complaint to name Fletcher as a defendant and timely served him, it is evident that Fletcher is entitled to qualified immunity against the First Claim.

*Id* at 11.

On November 11, 2010, plaintiff sought leave to amend his complaint to name Fletcher as a defendant (docket #71). Plaintiff asserted that Fletcher's identity was unknown to him at the time of the incident, but became known to him during the discovery process (docket #72) which had concluded on July 2, 2010 (docket #32). Plaintiff also filed objections to the Findings and Recommendations (docket #74).

On December 9, 2010, Williams and Nooth responded to plaintiff's objections and addressed his motion for leave to amend as follows:

> Additionally, Plaintiff now seeks to amend his complaint to name Defendant "Tower Shooter 'X'" as Doug Fletcher. Plaintiff has identified no basis for amending his complaint this late in these proceedings. Mr. Fletcher was not served and did not waive service, and Plaintiffs request is untimely under Fed. R. Civ. P. 4(m), as discussed by the Court in the Findings and Recommendations. Furthermore, such an amendment would be futile as the Court's Findings and Recommendations finds Doug Fletcher is entitled to qualified immunity.

Docket #75, p. 2 (citations omitted).

3 – FINDINGS AND RECOMMENDATION

This Court deferred ruling on plaintiff's motion to amend pending a ruling on the Findings and Recommendation (docket #76).  On January 5, 2011, Judge Mosman adopted the Findings and Recommendation and entered summary judgment in favor of Nooth and Williams (docket #77).

Plaintiff then appealed that decision to the Ninth Circuit Court of Appeals (docket #80).  On November 23, 2012, the Ninth Circuit affirmed summary judgment in favor of Williams and Nooth (docket #83-1).  However, it reversed summary judgment as to Fletcher, concluding that an issue of fact existed as to whether he was entitled to qualified immunity.  The Ninth Circuit did not discuss the timeliness of plaintiff's claims against Fletcher or plaintiff's failure to name him in the Complaint.

On November 29, 2012, after receiving the mandate from the Ninth Circuit, this Court reinstated plaintiff's Motion for Leave to File an Amended Complaint (docket #84).  On December 6, 2012, Fletcher appeared for the first time in this action and waived service (docket #87).  Fletcher did not oppose filing of the amended complaint naming him as a defendant, but he specifically reserved his statute of limitations defense (docket #89, p. 2 n 1).

On December 20, 2012, this Court granted plaintiff leave to file an amended complaint (docket #102) and appointed *pro bono* counsel for plaintiff (docket #101).   On January 31, 2013, plaintiff filed his First Amended Complaint (docket #107).

## STANDARDS

Pursuant to FRCP 12(c), any party may move for judgment on the pleadings after the pleadings are closed.  Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law.  *Dunlap v. Credit Prot. Ass'n, L.P.*, 419 F3d 1011, 1012 n1 (9th Cir 2005) (*per curiam*).  All

inferences reasonably drawn from the alleged facts must be construed in favor of the responding party. *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F2d 228, 230 (9th Cir 1989), *cert denied*, 493 US 1079 (1990). The motion must be denied unless it appears "to a certainty" that no relief is possible under any state of facts the plaintiff could prove in support of its claim. *Fidelity Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F2d 1432, 1435 (9th 1986), *cert denied*, 479 US 1064 (1987).

As with FRCP 12(b)(6) motions, matters submitted outside the pleadings which are not excluded by the court convert a motion for judgment on the pleadings to a summary judgment motion. However, it is appropriate for the court to take judicial notice of the pleadings and orders in other cases. *See Holder v. Holder*, 305 F3d 854, 866 (9th Cir 2002).

## FINDINGS

Fletcher seeks judgment as a matter of law on the basis that plaintiff's claims are untimely. First, relying on the law of the case doctrine, he urges this Court to decline to reconsider its previous conclusion that plaintiff's claims are untimely. Second, he argues that plaintiff's claims do not relate back to his timely-filed complaint because plaintiff made no "mistake" concerning his identity.

### I. Law of the Case Doctrine

First, based on this Court's statements made in the Findings and Recommendation, Fletcher relies on the law of the case doctrine to argue that the First Amended Complaint is untimely. That argument is rejected for two reasons.

First, this Court noted only that ""even if Martinez amended the Complaint to name Fletcher as a defendant *and timely served him*," qualified immunity barred the complaint (docket

5 – FINDINGS AND RECOMMENDATION

#69) (emphasis added). This court did not hold that an amended complaint filed by plaintiff would be dismissed as untimely because that issue was not yet presented.

Second, even if that statement related to timeliness of an amendment, it was *dicta*. This Court disposed of the case based on qualified immunity, assuming that FRCP 4(m) did not require dismissal. Comments that are not necessary, or even related to, disposition on the merits constitute *dicta*. *E.g. Rebel Oil Co., Inc. v. Atlantic Richfield Co.*, 146 F3d 1088, 1094 (9th Cir), *cert. denied*, 525 US 1017 (1998). "[T]he law of the case doctrine gives no preclusive effect to dicta." *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F2d 703, 715 (9th Cir 1990) (citation omitted).

Plaintiff has now amended his complaint to name Fletcher who has waived service (docket #87). At this point, the applicable rule to determine timeliness of the amendment is by relation back under FRCP 15(c) which incorporates FRCP 4(m). As a result, this Court's prior observation that FRCP 4(m) requires dismissal where service is untimely is no longer relevant.

## II. Relation Back

The original Complaint was timely filed within the applicable two-year statute of limitations which expired on or about April 6, 2010. However, the Amended Complaint adding Fletcher was filed well after the statute of limitations expired. The parties dispute whether FRCP15(c) allows the First Amended Complaint adding Fletcher to relate back to the date the initial Complaint was filed.

An amendment to a complaint that only "changes the party or the naming of the party against whom a claim is asserted" relates back to an original timely complaint if within the timeframe imposed by FRCP 4(m) (120 days from the original complaint) the newly-named defendant:

>   (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>   (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FRCP 15(c)(1)(C).

Fletcher does not dispute that the first requirement is met. He knew that he was the guard in the observation tower who fired on plaintiff and was made aware of this action during discovery, if not sooner. Furthermore, the Oregon Department of Justice has represented all of the defendants, and Fletchers' defense has in no way been prejudiced by the failure to specifically identify him in the initial Complaint.

However, Fletcher argues that the second requirement is not met because plaintiff did not made a "mistake concerning the proper party's identity" when he named him "Tower Shooter 'X' (Nunn or Dunn?)." He did not lack knowledge about the proper party to sue, which would be a "mistake" allowing relation back under FRCP 15(c)(1)(C), but instead seeks to replace a previously identified defendant with a newly named party, which Fletcher contends is not a "mistake" under FRCP 15(c)(1)(C). The Ninth Circuit has not specifically addressed whether naming a "John Doe" defendant is a "mistake" within the meaning of FRCP 15(c)(1)(C), and other circuit courts are split on the correct interpretation of this rule. *Kealoha v. State of Haw. Dep't of Pub. Safety*, No. Civ. 09-00299-JMS-BMK, 2010 WL 2076097 at *5 (D Haw May 21, 2010) (citing cases). However, as previously noted by this court:

>   The weight of authority interpreting the mistake requirement concludes relation back does not apply when a plaintiff seeks to replace a Doe defendant with a newly named party, essentially reasoning "mistake concerning identity" does not, by its plain language, include a lack of knowledge regarding the proper defendants. Thus, even assuming plaintiff named "John Doe" defendants because he did not know the identities of the proper

7 – FINDINGS AND RECOMMENDATION

>    defendants, his proffered claims against new parties are nonetheless futile.

*Skoog v. Clackamas Cnty.*, Civ. No. 00-1733-MO, 2004 WL 102497 at *8 (D Or Jan. 12, 2004), *aff'd in part, rev'd in part and remanded on different ground*, 469 F3d 1221 (9th Cir 2006) (citations omitted).

Since then, the Supreme Court has decided *Krupski v. Costa Crociere*, 130 S Ct 2485 (2010), which took a liberal position in favor of allowing relation back and has created uncertainty as to the difference between a "mistake" and "lack of knowledge" under FRCP 15(c). *Krupski* addressed a situation where a plaintiff knew of two potential parties, initially sued the wrong one, and corrected that mistake after the statute of limitations had expired. The Court held that a plaintiff's knowledge of the proper party's existence did not preclude a "mistake" under Rule 15(c)(1)(C)(ii). *Id* at 2493–94. "[A] plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim." *Id* at 2494. The Court explained that a "deliberate but mistaken choice" to sue one party instead of another "does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied." *Id*.

The Court expressly stated that "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Id* at 2493 (emphasis in original). Thus, the question is refocused away from "whether [the plaintiff] knew or should have known the identity of [the newly named defendant] as the proper defendant" to "whether [the newly named defendant] knew or should have known [during the Rule 4(m) period] that it would have been named as a defendant but for an error." *Id*.

8 – FINDINGS AND RECOMMENDATION

*Krupski* has engendered a split in the courts as to whether it applies to a "John Doe" defendant. *See Twine v. Four Unknown New York Police Officers*, No. 10 Civ. 6622 DAB JLC, 2012 WL 6184014, at *16 n14 (SDNY Dec. 12, 2012), *Report and Recommendation adopted*, 2013 WL 314447 (SDNY Jan. 25, 2013); *Askins v. City of New York*, No. 09 Civ. 10315 NRB, 2011 WL 1334838, at *1 n3 (SDNY Mar. 25, 2011). The Sixth Circuit has distinguished *Krupski* on the basis that it did not involve a "John Doe" defendant:

> [Plaintiff] did not make a mistake about which defendant to sue; he simply did not know whom to sue or opted not to find out within the limitations period. . . . Even after *Krupski*, Rule 15(c) offers no remedy for this problem. The Rule allows relation back for the mistaken identification of defendants, not for defendants to be named later through "John Doe," "Unknown Defendants" or other missing appellations.

*Smith v. City of Akron*, 476 Fed Appx 67, 69, 2012 WL 1139003, at *2 (6th Cir 2012).

District courts within the Sixth Circuit have reached the same conclusion. *E.g.*, *Aladimi v. Hamilton Cnty. Justice Ctr.*, No. 1:09-cv-398, 2012 WL 292587, at *6 (SD Ohio Feb. 1, 2012), *Report and Recommendation adopted*, 2012 WL 529585 (SD Ohio Feb. 17, 2012); *Bradford v. Bracken Cnty.*, 767 F Supp2d 740, 749 (ED Ky 2011). For the same reason, a district court in the Second Circuit has concluded that *Krupski* does not control changing the name of a "John Doe" defendant. *Cooper v. City of New Rochelle*, No 11 Civ. 69 LMS, 2013 WL 684747 at *6 n9 (SDNY Feb. 26, 2013) ("*Krupski* assumes the presence of a mistake and asks whether it is covered by Rule 15(c)(1)(C)(ii). Therefore [prior case] holding that a lack of knowledge is not a mistake is still intact.").

However, as acknowledged by another district court, *Krupski* "arguably confirmed that the reference to 'mistake' in Rule 15(c)(1)(C) does not necessarily bar relation back for a plaintiff who failed to properly name a defendant because he lacked knowledge of that defendant's name." *Archibald v. City of Hartford*, 274 FRD 371, 377 (D Conn 2011)

9 – FINDINGS AND RECOMMENDATION

(recognizing exception to the "mistake" requirement when defendants fail to comply with discovery requests).  As a result, a number of other district courts have applied *Krupski* to focus on the defendant's, not the plaintiff's knowledge, when allowing an identification of "John Doe" defendants to relate back to the filing of the original complaint.  *E.g.*, *Bishop v. Best Buy, Co., Inc.*, No. 08cv8427 LBS, 2010 WL 4159566, at *3 (SDNY Oct. 13, 2010); *Jamison v. City of York*, No. 1:09-cv-1289, 2010 WL 3923158, at **5-6 (MD Pa Sept. 30, 2010); *McDaniel v. Maryland*, No. RDB-10-00189, 2010 WL 3260007, at **5-6 (D Md Aug. 18, 2010); *Scadden v. Nw. Iowa Hosp. Corp.*, No. C06-4070-PAZ, 2010 WL 2619587, at **2-3 (ND Iowa June 25, 2010); *Smetzer v. Newton,* No. 1:10-CV-93-JVB, 2010 WL 3219135, at **9-10 (ND Ind Aug. 13, 2010).

Although not addressing a scenario involving a "John Doe" defendant, the Seventh Circuit concurs with this approach:

> The only two inquiries that the district court is now permitted to make in deciding whether an amended complaint relates back to the date of the original one are, first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself.

*Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F3d 555, 559–60 (7th Cir 2011), *reh'g denied* (Mar. 31, 2011) (Posner, J.).

The law regarding "mistake" and "knowledge" under FRCP 15(c) is currently in a state of flux.  However, this court is persuaded that *Krupski* significantly changed the analysis under FRCP 15(c) to eliminate the distinction between a plaintiff's "mistake" and "lack of knowledge." As explained in *Krupski*,

> We agree that making a deliberate choice to sue one party instead of another while fully understanding the factual and legal

10 – FINDINGS AND RECOMMENDATION

> differences between the two parties is the antithesis of making a mistake concerning the proper party's identity. We disagree, however, with respondent's position that any time a plaintiff is aware of the existence of two parties and chooses to sue the wrong one, the proper defendant could reasonably believe that the plaintiff made no mistake

*Krupski,* 130 S Ct at 2494.

Here plaintiff did not deliberately choose to sue a different defendant based on some misimpression, as was the case in *Krupski.* However, plaintiff's use of "Target Shooter 'X'" to identify the defendant, rather than Fletcher's name, was not the result of a fully informed decision, as opposed to a mistake. He intended to sue the guard who shot him, not merely name a "John Doe" as a mere placeholder for some future unknown defendant. He could have made a deliberate or tactical choice not to plead any claim against the guard who shot him. Instead, by naming "Target Shooter 'X'" as a defendant, he put the guard on notice that "the action would have been brought against [him], but for a mistake concerning [his] identity." FRCP 15(c)(1)(C)(ii). This is no different than initially misnaming or misidentifying a defendant. When the Complaint was filed, defendants, including Fletcher, certainly had the means and ability to immediately identify "Target Shooter 'X'" based on the description of his role in the Complaint and in an incident report prepared at the time and produced to plaintiff during discovery.

True, plaintiff could and should have named Fletcher within the statute of limitations period. However, under the approach set forth in *Krupski,* the question is whether Fletcher knew or should have known that he would have been named as a defendant but for an error. Fletcher makes no assertion that he did not know within the FRCP 4(m) period that he was the proper defendant being sued but for a "mistake" concerning his identity. This conclusion is consistent with the purpose of relation back described in *Krupski*, namely "to balance the interests of the

11 – FINDINGS AND RECOMMENDATION

defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Id*.

Once the requirements of FRCP 15(c) are satisfied, as they are here, relation back of the Amended Complaint is mandated. Accordingly, Fletcher is not entitled to judgment on the pleadings.

## RECOMMENDATION

For the reasons set forth above, Fletcher's Motion for Judgment on the Pleadings under FRCP 12(c) (docket #110) should be DENIED.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due Thursday, May 02, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED April 15, 2013.

                                                    s/ Janice M. Stewart
                                                  Janice M. Stewart
                                                  United States Magistrate Judge