UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

MICHAEL M. MARTINEZ,

    Plaintiff,

    v.

DOUGLAS FLETCHER,

    Defendant.

Case No. 3:09-cv-00580 -ST

FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, Michael M. Martinzez, was an inmate in the custody of the Oregon Department of Corrections ("ODOC") and formerly housed at the Snake River Correctional Institution ("SRCI"). On April 6, 2008, Martinez was shot and seriously injured during a prison riot at SRCI. Appearing *pro* se, Martinez filed his initial complaint on May 26, 2009, asserting claims under 42 USC § 1983 against the following three defendants for using excessive force in violation of his Eighth Amendment rights: Max Williams, then-Director of ODOC; Mark Nooth, the Superintendent of SRCI; and "Tower Shooter 'X' (Nunn or Dunn?)." At some point during discovery, Martinez learned that Fletcher was the name of the guard who shot him.

1 – FINDINGS AND RECOMMENDATION

On January 5, 2011, this Court granted summary judgment in favor of all three defendants (docket #77). Martinez then appealed that decision to the Ninth Circuit Court of Appeals (docket #80). On November 23, 2012, the Ninth Circuit affirmed summary judgment in favor of Williams and Nooth, but reversed summary judgment as to Fletcher, concluding that an issue of fact existed as to whether he was entitled to qualified immunity.

On December 20, 2012, this Court granted Martinez leave to file an amended complaint naming Fletcher as a defendant (docket #102) and appointed *pro bono* counsel to represent Martinez (docket #101). On January 31, 2013, Martinez's counsel filed a First Amended Complaint (docket #107). Fletcher then filed a Motion for Judgment on the Pleadings under FRCP12(c) on the basis that Martinez's claims are untimely (docket #110). This Court issued a Findings and Recommendation to deny that motion (docket #117) which was referred to Judge Mosman on April 15, 2013, and remains pending.

In the meantime, pursuant to Federal Rule of Civil Procedure 41(b), Fletcher filed a Motion to Strike Complaint or to Dismiss for Failure to Comply with Discovery (docket # 119). After this Court granted a motion by Martinez's attorneys to withdraw (docket #129), it extended the time to June 3, 2013, for Martinez, again appearing *pro se*, to respond to this motion (docket # 130). This Court also mailed Martinez a Notice to Self-Represented Litigants which noted the June 3, 2013, deadline (docket #132). However, Martinez has not filed any response. For the reasons set forth below, Fletcher's motion should be granted.

## **FINDINGS**

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order" which "operates as an adjudication on the merits." According to the evidence submitted by Fletcher, Martinez has

failed to comply with his obligation under the Federal Rules of Civil Procedure to provide discovery.

Pursuant to Federal Rule of Civil Procedure 30, Fletcher scheduled the deposition of Martinez on April 26, 2013. Sullivan Decl. (docket #120), ¶ 3. Martinez's deposition commenced as scheduled on April 26, 2013, at 9:23 a.m. *Id*, ¶ 4, Att. 1, p. 2. Shortly after the deposition began, Fletcher's counsel asked questions pertaining to Martinez's gang affiliation and/or participation in the event of April 6, 2008. *Id*, Att. 1, pp. 29-30. When Martinez was hesitant in answering questions about his gang affiliation in a "public document," Fletcher's attorney requested a break at 9:59 a.m. *Id*, p. 29. During the break, Martinez departed and refused to return, despite an agreement among counsel to seal the deposition transcript pursuant to the terms of the stipulated protective order. *Id,* pp. 29-31. Fletcher's counsel then informed Martinez's counsel that Fletcher would move to dismiss for failure to prosecute, but would withdraw the motion if Martinez appeared to continue his deposition on or before May 3, 2013. *Id*, ¶ 5. As set forth in the Motion to Withdraw, Martinez's counsel made repeated and continuous efforts to communicate with Martinez about the case and his wishes going forward, but Martinez rebuffed all of those efforts and refused to communicate with his counsel. Hunsaker Decl. (docket # 126), ¶¶ 2-6; Donegan Decl. (docket #127 ), ¶¶ 3-5. Martinez did not appear for his deposition on or before May 3, 2013, prompting Fletcher to file this motion.

Although Martinez may be operating under a misunderstanding about the public nature of his deposition, he has refused to cooperate with his *pro bono* counsel and to complete his deposition. By failing to complete his deposition, he has failed to comply with Federal Rule of Civil Procedure 30. As a result, Fletcher is entitled to an involuntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

3 – FINDINGS AND RECOMMENDATION

## RECOMMENDATION

For the reasons set forth above, Defendant's Motion to Strike Complaint or to Dismiss for Failure to Comply with Discovery (docket #119) should be GRANTED, and a judgment should be entered dismissing this case.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due Friday, June 21, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED  June 4, 2013.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge
